ORIGINAL

Page 2

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

0 6 - 4 7 2

| United States District Court | District |
|---|---|

Name (under which you were convicted):
Kevin C. Brathwaite

Docket or Case No.:

Place of Confinement:
Delaware Corr. Center

Prisoner No.:
315294

Petitioner (include the name under which you were convicted)     Respondent (authorized person having custody of petitioner)

Kevin C. Brathwaite  v.  Thomas Carroll

The Attorney General of the State of  Delaware

FILED

AUG - 1 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
New Castle County Superior Court
500 N. King St. Wilmington DE.

   (b) Criminal docket or case number (if you know): 9510007098

2. (a) Date of the judgment of conviction (if you know): August, 1998
   (b) Date of sentencing: December, 4th, 1998

3. Length of sentence: Consecutive Life Sentences

4. In this case, were you convicted on more than one count or on more than one crime? Yes ☒ No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: _____
   U.S.I-1   U.S.I-2   U.S.I-3
   Assault-3rd

6. (a) What was your plea? (Check one)

   (1)   Not guilty ☒          (3)   Nolo contendere (no contest) ☐
   (2)   Guilty ☐              (4)   Insanity plea ☐

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or
   charge, what did you plead guilty to and what did you plead not guilty to? _____
   I plead Not guilty to All
   Charges.

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☒         Judge only ❑

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ☒  No ❑

8. Did you appeal from the judgment of conviction?

Yes ☒  No ❑

9. If you did appeal, answer the following:

(a) Name of court: _Del. State Supreme Court_

(b) Docket or case number (if you know): _549, 1998_

(c) Result: _AFFicmed_

(d) Date of result (if you know): _August, 1999_

(e) Citation to the case (if you know): _____

(f) Grounds raised: _Trial Courts denial of the Motion to Sever charges AND the absence of the words, "Without Consent" From two of the U.S.I-2ⁿᵈ Counts of the indictment._

(g) Did you seek further review by a higher state court?  Yes ❑  No ☒

If yes, answer the following:

(1) Name of court: _No higher State Court_

(2) Docket or case number (if you know): _AVAilAble_

(3) Result: _____

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

(h) Did you file a petition for certiorari in the United States Supreme Court?  Yes ❑  No ☒

If yes, answer the following:

(1) Docket or case number (if you know): _____

Page 4

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions,

applications. or motions concerning this judgment of conviction in any state court?

Yes ☒ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: New CAStle County Superior Court

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): December, 16th, 1999

(4) Nature of the proceeding: Motion For New trial

(5) Grounds raised: 1. Newly discovered evidence

2. INeffective CouNsel

3. deNiAl of right to Self

representation.

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or

motion?    Yes ☒ No ☐

(7) Result: Motion WAs denied

(8) Date of result (if you know): MArch, 17, 2003

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: DelAwAre Supreme Court

(2) Docket or case number (if you know): 169, 2003

(3) Date of filing (if you know): MAy, 1st 2003

(4) Nature of the proceeding: MotioN to proceed Pro se

(5) Grounds raised: _____

That I ACKNowledge the FAct

that the Supreme Court Will tAke

No Further ACtioN UNtil A

ruling is MAde by the Superior Court.

Page 5

AND that I UNderStand A
remAND will be required.

(6) Did you receive a hearing where evidence was given on your petition, application, or
motion?    Yes ☒  No ❑
(7) Result: remANded For hearing: Motion grANted
(8) Date of result (if you know): JUNe, 2003

(c) If you filed any third petition, application, or motion, give the same information:
(1) Name of court: DelawAre SUpreme Court
(2) Docket or case number (if you know): 169, 2003
(3) Date of filing (if you know): OPENING brief: JAN, 30th 2004
(4) Nature of the proceeding: AppeAl SUperior Courts decision
(5) Grounds raised: 1. DeNied right to Self
representAtion For triAl.
2. INeFFective CouNSel
3. Newly discovered evidence,
CoNcealmeNt of exculpAtory evidence,
evidence lost by AttorNy GeNerAls
oFFice.
4. Due process violAtioNS

(6) Did you receive a hearing where evidence was given on your petition, application, or
motion?    Yes ☒  No ☒
(7) Result: AppeAl deNied
(8) Date of result (if you know): JUly, 10th 2006

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your
petition, application, or motion?
(1) First petition:    Yes ☒   No ❑
(2) Second petition:   Yes ☒   No ❑
(3) Third petition:    Yes ❑   No ❑

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: Denied right to Self representation for trial.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
This Approximately A year And A half before trial, this petitioner filed A Motion to proceed pro Se. This Motion was filed in A timely Manner, pursuant to the rules of the court.

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: The trial Attorney refused to raise this issue on direct Appeal.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?          Yes ☒   No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Ineffective Counsel

Name and location of the court where the motion or petition was filed: New CAStle County Superior Court.

Page 7

Docket or case number (if you know): 95/0007098 - Id - 96 -//- 1973 - 1985

Date of the court's decision: MArCh, 2003

Result (attach a copy of the court's opinion or order, if available): denied.

_____

(3) Did you receive a hearing on your motion or petition?

Yes ☒   No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☒   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☒   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: De/AWAre
Supreme Court

Docket or case number (if you know): 169, 2003

Date of the court's decision: JUly, 10ᵗʰ, 2006

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

_____

**GROUND TWO:** INeFFective CouNSel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AttorNey reFUSed to rAise the issue OF deNiAl oF right to proceed Pro Se oN direct AppeAl. ANd AttorNey did Not properly reSeArch

Page 8

*The Courts docket Sheet before trial.*

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction. did you raise this issue?

Yes ☐  No ☒

(2) If you did not raise this issue in your direct appeal, explain why: *The direct appeal Attorney refuse to raise this issue.*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☒  No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *Motion For New trial*

Name and location of the court where the motion or petition was filed: *New Castle County Superior Court*

Docket or case number (if you know): *95100070 98 - Id: 96-11-1978-2000*

Date of the court's decision: *March, 2003*

Result (attach a copy of the court's opinion or order, if available): *denied*

(3) Did you receive a hearing on your motion or petition?

Yes ☒  No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☒  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☒  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *Delaware Supreme Court*

Page 9

Docket or case number (if you know): _169, 2003_

Date of the court's decision: _JULY, 10th, 2006_

Result (attach a copy of the court's opinion or order, if available): _denied_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

**GROUND THREE:** _Violation of right to due process_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
_The trial Court neglected to properly delegate All pretrial Motions prior to the Commencement of trial. Petitioner denied right to present evidence At evidentiary hearing._

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: _Trial Attorney refused to raise issue._

Page 10

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?          Yes ☒  No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Motion For New trial_

Name and location of the court where the motion or petition was filed: _New CAStle County Superior Court_

Docket or case number (if you know): _95/0007098 - 96 - 11 - 1970 - 2000_

Date of the court's decision: _MArch, 2003_

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?

Yes ☒  No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☒  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☒  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _DelAwAre Supreme Court_

Docket or case number (if you know): _169, 2003_

Date of the court's decision: _July, 10th 2006_

Result (attach a copy of the court's opinion or order, if available): _deNied_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

Page 11

GROUND FOUR: CONCEALMENT OF exCulpATory evidence, State witness perjury.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
The States witness withheld tAngible evidence AND lied. When this petitioner FiNAlly took possession of the pertinent evidence, the evidence wAs CoNfiscated by Correctional officers AND turned over to the Attorney GeneraLs office. AND mysteriously "lost" by the Ag's office.

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: This evidence WAS NOt AVAilAble prior to triAl.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: MotioN For New triAl

Name and location of the court where the motion or petition was filed: New CAStle CouNty Superior Court

Docket or case number (if you know): 95/0607098-96-//-/920-2000

Date of the court's decision: deNied - MArch, 2003

Result (attach a copy of the court's opinion or order, if available): deNied - No opiNioN iN the Courts decisioN

(3) Did you receive a hearing on your motion or petition?

Yes ☒   No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☒   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☒ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _De/AWAre_
_Supreme    Court_

Docket or case number (if you know): _169, 2003_

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _NO_
_ruling   made   on   this   issue_
_by   the   State   Supreme_
_Court.   But   the   Motion   was denied_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    Yes ☒ No ☐

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____

_____

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

_____

_____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    Yes ☐ No ☒

Ground Six: The Absence of the
            Words "without Consent"
From ~~the~~ two of the U.S.I $^{2nd}$
Counts of the indictment.

Supporting facts: This petitioner
            was ordered to proceed to
trial under a defective indictment.

Direct Appeal of Ground Six:

        Yes, This issue was raised
on direct appeal.

Name of court Appeal to:
            Delaware Supreme
Court.

Docket #: 549, 1998

Result: Affirmed

Dated of result: August, 1999

Ground Five: Trial Courts denial
of the Motion to Sever
the charges.

Supporting Facts: This petitioner
was denied his right to
A Fair trial because of the
Consolidation of All the charges
presented to the jury All At once.
The trial Judge And the jury both
Were confused by the AbundAnce
of testimony to sort through.

Direct Appeal of Ground Five:

yes, This issue was raised
on direct AppeAl

Name of Court AppeAl to:
DelAwAre Supreme
Court

Docket # 549, 1998

Result: Affirmed

Dated of result: August, 1999

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____ _____

_____

_____

_____

_____

_____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    Yes ☐    No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _Timothy  Weiller_
_820  N. French  St.  Wilm,  DE.  19801_

(b) At arraignment and plea: _David  J. Facciollo_
_820  N. French  St.  Wilm.  DE.  19801_

(c) At trial: _Thomas  A.  Foley_
_1326  King  St.  Wilm  DE.  19801_

(d) At sentencing: _Thomas  A.  Foley_

(e) On appeal: _Thomas  A.  Foley_

(f) In any post-conviction proceeding: _Jerome  Capone_
_4 East  8th St.  Wilm  DE.  19801_

(g) On appeal from any ruling against you in a post-conviction proceeding: _____
_Pro  Se_

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐    No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    Yes ☐  No ☐

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.* When this Petitioner asked his direct appeal attorney to add denial of right to self representation as an issue, the attorney refused. So this petitioner had to exhaust his state remedies for post conviction relief prior to seeking relief through a habeas corpus petition. The grounds for the due process violation regarding the evidence "lost" by the Attorney Generals office, and ineffective counsel had to be addressed through all state courts first to exhaust all remedies prior to seeking relief through a federal habeas corpus. And the issues from the direct appeal had to be put on hold so that all issues could be added to the habeas corpus at the same time to prevent being barred from the court later.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(continued...)

Therefore, petitioner asks that the Court grant the following relief: _That_ _this  CASe  be  reMANded  For  A  New_ _triAl._

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _7-31st-2006_ (month, date, year).

Executed (signed) on _7-31st-06_ (date).

Signature of Petitioner

---

*(...continued)

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

$ 04.05

UNITED STATES POSTAGE
02 1A
000 4655873
MAILED FROM ZIPCODE 05

I/M Kevin C. Braithwaite
SBI# 315294 UNIT _____
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977
w.s.n

UNITED STATES District Court
Office of the Clerk
844 N. King St.
Wilmington DE
19801

Legal Mail

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| KEVIN C. BRATHWAITE, | § | |
| | § | |
| Defendant Below - | § | |
| Appellant, | § | |
| | § | |
| | § | |
| | § | No. 169, 2003 |
| v. | § | |
| | § | (Court Below-Superior Court |
| | § | Of Delaware) |
| | § | Cr. ID No. 9510007098 |
| | § | Cr. A. Nos. IN96-05-1275 |
| STATE OF DELAWARE, | § | 1277 & IN96-11-1970 |
| | § | through 2000 |
| Plaintiff Below - | § | |
| Appellee. | § | Def. ID No. 9510007098 |

## RESPONSE TO ORDER OF REMAND

This 7th day of December 2005, the record in the above-captioned matter reflects that on February 22, 2005, the Delaware Supreme Court issued an Order of Remand directing this Court to rule on whether Mr. Brathwaite was denied the right to self-representation and, if so, whether he should be granted a new trial pursuant to Superior Court Criminal Rule 33 or other relief pursuant to Superior Court Criminal Rule 61.[1]   This Court was further directed to render its findings of fact and conclusions of law and file with the Delaware Supreme Court the transcript of any hearings held.

---

[1] The Superior Court Criminal Rules shall hereinafter be referred to by rule only.

## Procedural Posture Prior To Remand

Mr. Brathwaite was convicted of six counts of Unlawful
Sexual Intercourse First Degree, two counts of Unlawful Sexual
Intercourse Second Degree, seven counts of Unlawful Sexual
Intercourse Third Degree, one count of Aggravated Act of
Intimidation, one count of Unlawful Sexual Penetration Third
Degree, and two counts of Assault Third Degree on August 28, 1998.
He was sentenced to several consecutive life sentences on December
4, 1998, and subsequently appealed his convictions to the Delaware
Supreme Court. That appeal was denied on October 22, 1999.[2]

On December 16, 1999, Mr. Brathwaite filed a Motion for New
Trial with this Court pursuant to Superior Court Criminal Rule 33
based on newly discovered evidence and ineffective assistance of
trial counsel. The Superior Court denied the motion and that
decision too was appealed to the Delaware Supreme Court. During
the course of this appeal Mr. Brathwaite filed an affidavit with
the Supreme Court, pursuant to Supreme Court Rule 26(d)(iii),
requesting that his counsel at that point in time, Jerome M.
Capone, Esquire, be permitted to withdraw, and that he be allowed
to act as his own attorney. Following a remand to this Court for
purposes of determining whether Mr. Brathwaite was competent to do
so as well as whether his decision in that regard was knowing and

---

[2] *See State v. Brathwaite*, 741 A.2d 1025 (Del. 1999).

voluntary. That request was granted on May 20, 2003.[3]

On appeal to the Delaware Supreme Court, Mr. Brathwaite argues that the Superior Court violated his right to self-representation. The State opposes Mr. Brathwaite's claim.[4] By order dated February 22, 2005, the matter was remanded to this Court, directing it to rule on whether Mr. Brathwaite was denied the right to self-representation. If he had been denied that right, the undersigned was to determine whether a new trial or any other appropriate relief should be granted pursuant to Rule 61.

## Findings of Fact and Conclusions of Law
### Concerning Denial of Self-Representation

This Court, by letter dated July 5, 2005, directed those that represented Mr. Brathwaite at various times during these proceedings, specifically David J. J. Facciolo, Esquire; Thomas A. Foley, Esquire; and Jerome M. Capone, Esquire; to provide any information relevant to the issues on remand. Mr. Facciolo, an Assistant Public Defender and Mr. Brathwaite's initial attorney, was appointed to represent Mr. Brathwaite from June 25, 1996 to December 15, 1997, when he was allowed to withdraw and was replaced by Mr. Foley. Mr. Facciolo answered the Court on August 26, 2005. Mr. Foley, who represented Mr. Brathwaite thru the direct appeal of

---

[3] *Brathwaite v. State*, 2003 Del. Lexis 287.

[4] *Brathwaite v. State*, No. 169, 2003, Holland, Berger and Jacobs, J., n.3. (Feb. 22, 2005) (ORDER).

his convictions, responded by letter dated August 17, 2005. Mr. Capone, appointed Mr. Brathwaite's attorney to assist in his initial post-conviction proceedings on January 27, 2000 represented Mr. Brathwaite from that point in time until Mr. Capone was released from that responsibility on May 20, 2003, did likewise by affidavit on August 23, 2005. The State filed a supplemental memorandum dated August 26, 2005, followed by Mr. Brathwaite's reply to the State on September 9, 2005. Based upon the aforementioned responses and the governing law, the Court makes the following findings and conclusions as directed by the Order of Remand.[5]

1. Mr. Brathwaite filed three motions between March 3 and March 6, 1997. The first motion was his request to proceed *pro se*, while the second and third motions were nominated as motions seeking discovery and to dismiss the charges against him.[6]

2. Those motions were referred to the Criminal Office Judge, the Honorable Richard R. Cooch. He in turn referred them by memorandum to Mr. Facciolo who represented Mr. Brathwaite at the time. Judge Cooch, citing Superior Court Criminal Rule 47, declined to rule on the motions. Instead, he referred them to Mr. Facciolo for whatever action he deemed appropriate, given the fact

---

[5] The responses referred to above have been filed with the prothonotary and are considered a part of the record for purposes of this response to the remand.

[6] Docket entry No. 27 through 29.

that Mr. Brathwaite had not been given permission to proceed *pro se*. The record does not reflect whether any action was taken by Mr. Facciolo in response, and because the file maintained by the Office of the Public Defender relative to these charges against Mr. Brathwaite has since been purged from the office, Mr. Facciolo is unable to otherwise research the matter. However, he does affirm that he has no recollection of misleading Mr. Brathwaite regarding his representation status whether it was with counsel or *pro se*.

3.   On March 21, 1997, Mr. Brathwaite filed another *pro se* motion.[7] This time the motion sought permission to participate with counsel in the preparation and/or presentation of his defense. That motion was referred to the Criminal Office Judge at the time, the Honorable Haile L. Alford. It does not appear that the Court took any further action in response to that motion. The record also fails to reveal whether or not Mr. Facciolo was informed about or received any knowledge from any other source relative to that motion.

4.   The case was assigned to the undersigned for purpose of trial on December 12, 1996, and again, on March 27, 1997. The reason for the second referral is unknown. Mr. Brathwaite went to trial on the charges in question from August 18 to August 28, 1998, with Mr. Foley as his attorney. The jury returned guilty verdicts on all but two counts of the indictment. He was ultimately

---

[7] Docket entry No. 32.

sentenced to several life terms in prison in addition to lesser periods of incarceration.

5. At some point subsequent to his appointment, Mr. Foley discussed with Mr. Brathwaite whether his motion to proceed *pro se* had been addressed during the course of his representation by Mr. Facciolo. Mr. Foley is unsure of Mr. Brathwaite's exact response but recalls that Mr. Brathwaite was dissatisfied with Mr. Facciolo's representation. He was content, once Mr. Facciolo had been replaced by Mr. Foley, with Mr. Foley's efforts in that regard. Significantly, it is clear that Mr. Brathwaite did, during the course of his trial, express his satisfaction with Mr. Foley's representation to the Court on three of at least four occasions when he was allowed go address the Court directly, but did not even remotely suggest that he wanted to change the status of his legal representation during any of those opportunities to do so. It is also apparent that while Mr. Brathwaite did not raise the issue of proceeding *pro se* again prior to or during trial, he and Mr. Foley did discuss the issue again post conviction for purposes of pursuing an appeal.

6. More specifically, on December 7, 1998, Mr. Foley informed Mr. Brathwaite by letter that he was not going to raise *pro se* issue on appeal because, among other reasons, it appeared that Mr. Brathwaite had waived the right to assert the same by allowing Mr. Foley to act as his attorney. Mr. Brathwaite, apparently in

**Page 6 of  12**

response to and notwithstanding that notice, wrote to Mr. Foley on February 16, 1999, specifically acknowledging that the Court had *refused to address the motion to proceed pro se* but felt nevertheless that the refusal to do so violated his right to represent himself, citing *State v. Stigars.* Finally, at some point subsequent to his February 16 letter, Mr. Brathwaite sent Mr. Foley an undated letter professing his understanding as to why Mr. Foley refused to raise the *pro se* issue on appeal and apologizing "for being stubborn". He did not ask Mr. Foley to request that the undersigned allow him to proceed *pro se* or participate as co-counsel.[8]

7.   Mr. Capone recalls that he had been advised by Mr. Brathwaite that he, Mr. Brathwaite, had asked the Court to allow him to proceed *pro se* while represented by Mr. Facciolo but that no ruling was ever made by the Court.   His only other relevant recollections was that Mr. Brathwaite was questioned during the Rule 61 evidentiary hearing held on November 2, 2001, as to whether he had waived the issue, and that the issue in question was only one of many that Mr. Brathwaite in his Rule 61 petition.

8.   No other request to proceed *pro se* was brought to the attention of the Court in general and the undersigned in particular, until May 21, 2002.   It was, at that point in time, during the

_____

[8] Letter from Thomas A. Foley, Esquire to Hon. Charles H. Toliver, IV (August, 17, 2005) and the attachments thereto from Kevin C. Brathwaite.

course of the evidentiary hearing in response to Mr. Brathwaite's
Motion for a New Trial, that the matter was raised for the first
time since March 1997. To be specific, it was during the course of
a colloquy between the undersigned and Mr. Capone, who was then
representing Mr. Brathwaite, that Mr. Capone raised the Supreme
Court's decision in *State v. Stigars* in support of the contention
that Mr. Brathwaite's constitutional right to represent himself
might have been abridged.[9]

9.     Mr. Brathwaite took the stand and indicated that he
had been told by Mr. Facciolo that the motions had been denied
without a hearing or prior notice to him. During the course of his
cross-examination on that point, Mr. Brathwaite also testified that
he never raised the issue with Mr. Foley prior to or during the
course of his trial. That testimony contradicted by the exchanges
between Mr. Foley and Mr. Brathwaite reported by Mr. Foley relative
to what the Court decided and why, as referenced in Paragraph 6
above. Given the fact that those exchanges took place more than
three years before that testimony which was provided after Mr.
Brathwaite's unsuccessful direct appeal as well in support of his
pending appeal of the denial post-conviction relief motion, the
Court finds them to be self-serving and not persuasive.

10.     Based upon the foregoing, the undersigned must
conclude that Mr. Brathwaite's right of self-representation was not

---

[9] 674 a.2d 477, 479-480 (Del. 1996).

denied by the Court. Simply put, it was not properly presented to
the Court in the first instance and the Court declined to consider
the same. Mr. Brathwaite knew of that rejection as well as why, and
did not choose to assert or pursue that right as required by the
rules of this Court and/or the applicable law. Under these
circumstances, it is was not the assertion of the underlying right
that was denied, but rather the manner in which it was put before
the Court. The Court's response was no different than when any
other pleading, including a Rule 61 petition, is rejected because
it does not conform to one or more of the Superior Court Rules or
administrative orders.

       11. As noted, the Court's refusal to consider Mr.
Brathwaite's request was based upon Rule 47. That rule states in
relevant part that:

        . . . The Court will not consider pro se
        applications by defendants who are represented
        by counsel unless the defendant has been
        granted permission to participate with counsel
        in the defense.

Mr. Brathwaite has not challenged the propriety of the Court's
action pursuant to this rule.

       12. Again, as indicated above, Mr. Brathwaite knew the
Court had refused to rule on his motion and why as his directly
acknowledges in his correspondence to Mr. Foley as well as in his
testimony at the Rule 61 evidentiary hearing. He also implicitly
acknowledges his acquiescence of that decision and the basis

therefor by virtue of his requests to act as co-counsel.  He did not, as a result, put the motion properly before the Court.  *Stigars* did not concern the instant question, i.e., whether the the defendant had placed the question before the Court as required by the applicable rules and law.   Rather, *Stigars* dealt with the Court's failure to honor that defendant's request in the absence of a clear revocation of that request or some substantial cloud upon his ability to act on his own behalf.[10]   The holding of that case is therefore not controlling in this situation.  It is, however, helpful by way of its dicta.

13.   *Stigars* intimated that the request to proceed *pro se* must be unequivocal, and in the face of an ambiguous assertion in that regard, the trial judge should lean in favor of the continued exercise of right to counsel by a defendant.[11]   Because Mr. Brathwaite knew his motion had not been acted upon by the Court as well as why, and proceeded with Mr. Foley's representation without further complaint after discussing the matter with Mr. Foley, he voluntarily elected to continue to exercise his right to be represented by appointed counsel as guaranteed by the Sixth Amendment of the U.S. Constitution and Article I, § 7 of the Delaware State Constitution.  That conclusion is buttressed by the fact that Mr. Brathwaite, by the number of filings with and without

[10]   *Stigars*, 674 at 479.

[11]   *Id.*

Page 10 of 12

counsel, knew how to get the Court's attention and has shown no reticence in doing exactly that for whatever reason. Consequently, the most that the undersigned can conclude is that Mr. Brathwaite made a request to proceed *pro se*, that he failed to perfect, which under the circumstances can not be deemed to have been unequivocal. No other conclusion is viable.

14.   A defendant can receive a new trial pursuant to Rule 33 if such is required in the interests of justice. Mr. Brathwaite is not, for the reasons stated above, entitled to that relief.  A similar conclusion is appropriate viewing his claims via Rule 61. Assuming there are no procedural bars which are applicable, Mr. Brathwaite has failed to establish anything other than to belatedly raise an incredulous argument to assert a right that the undersigned concludes he did not fully pursue in spite several opportunities to address the issue.  He can not now argue otherwise simply because he is out of other options.

15.   Finally, because none of the parties involved have addressed it, and based upon the record as that now exists, the Court concludes that the Court's failure to address Mr. Brathwaite's motions to act as co-counsel, to the extent they have been raised, have been abandoned by him or have not been supported.  In addition, Mr. Brathwaite appears to have been satisfied with trial counsel. However it is viewed, he is not entitled to any relief under Rule 33 or Rule 61.

Based upon the foregoing, the Court concludes that Mr. Brathwaite is not entitled to a new trial pursuant to Super. Ct. Crim. R. 33, nor should other relief be granted by virtue of Super. Ct. Crim. R. 61.

Respectfully submitted,

Charles H. Toliver, IV
Judge

CHT,IV/lat

oc:   Prothonotary
cc:   Donald R. Roberts, Esquire
      Kevin C. Brathwaite
      Department of Correction

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KEVIN C. BRATHWAITE, | § | |
| | § | No. 169, 2003 |
| Defendant Below, | § | |
| Appellant, | § | Court Below--Superior Court |
| | § | of the State of Delaware, in and |
| v. | § | for New Castle County in Cr. |
| | § | A. Nos. IN96-11-1973-1978, |
| STATE OF DELAWARE, | § | 1980-1987, 1989-1193. |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | Def. ID No. 9510007098 |

Submitted: March 24, 2006
Decided:   July 10, 2006

Before **HOLLAND, BERGER** and **JACOBS,** Justices.

## O R D E R

This *10*th day of July, 2006, upon consideration of the parties' briefs, the

Superior Court's decision on remand, the parties' supplemental memoranda,

and the Superior Court record, it appears to the Court that:

(1)    In 1998, a Superior Court jury convicted the appellant, Kevin C.

Brathwaite, of multiple counts of unlawful sexual intercourse and related

sexual assaults.    The Superior Court sentenced Brathwaite to several

consecutive life sentences. On direct appeal, this Court affirmed.[1]

---

[1] *Brathwaite v. State*, 1999 WL 1090581 (Del. Supr.).

(2)    In 1999, Brathwaite filed a motion for a new trial based on newly discovered evidence. Brathwaite also raised a related claim of ineffective assistance of counsel.

(3)    The Superior Court appointed Jerome Capone, Esquire, to represent Brathwaite. Capone supplemented the motion for a new trial with a claim that the Superior Court had violated Brathwaite's constitutional right to represent himself.

(4)    By decision dated March 17, 2003, the Superior Court denied the motion for a new trial, holding that Brathwaite had not met the standards for newly discovered evidence or ineffective assistance of counsel. The decision did not mention the alleged violation of Brathwaite's constitutional right of self-representation.[3]

(5)    Brathwaite appealed the Superior Court's decision and was granted leave to proceed *pro se.* Because the Superior Court had not addressed Brathwaite's self-representation claim, this Court remanded, instructing the trial court to decide whether Brathwaite was denied the right

---

[3]Counsel did not address the claim in post-hearing memoranda filed in the Superior Court.

2

to self-representation. By decision dated December 7, 2005, the Superior

Court ruled that:

> Mr. Brathwaite's right of self-representation was not
> denied by the Court. Simply put, it was not properly
> presented to the Court in the first instance and the
> Court declined to consider the same. Mr. Brathwaite
> knew of that rejection as well as why, and did not
> choose to assert or pursue that right as required by
> the rules of this Court and/or the applicable law.

We review the Superior Court's decision de novo.[4]

(7)    Brathwaite was indicted in 1996. On March 3, 1997, Brathwaite

filed a motion requesting "permission to exercise his constitutional right to

proceed pro se." In his motion, Brathwaite complained that his rights were

being violated, and that his efforts to bring several important issues to the

court's attention were being ignored. Brathwaite stated that he would be more

effective than his attorney, if allowed to represent himself.

(8)    By memorandum dated March 7, 1997, the Superior Court

referred Brathwaite's motion to his counsel, David Facciolo, Esquire, for

"appropriate action." The March 7 referral memorandum advised:

> Super Ct. Crim. R. 47 provides that "[t]he Court will
> not consider pro se applications by defendants who
> are represented by counsel unless the defendant has

---

[4]*Stigars v. State*, 674 A.2d 477, 479 (Del. 1996).

3

> been granted permission to participate with counsel
> in the defense." Such permission has not been
> granted in this case.[5]

The Superior Court sent a copy of the referral memorandum to Brathwaite.

(9)  Apparently in response to the court's memorandum, Brathwaite filed a "Motion to Participate with Counsel in the Defense" on March 21, 1997. The Superior Court referred that motion to Facciolo, as well. The Superior Court docket sheet does not reflect that any action was taken with respect to either motion.

(10)  On December 3, 1997, Facciolo filed a motion to withdraw as counsel. By order dated December 15, 1997, the Superior Court granted the motion and appointed Thomas Foley, Esquire, to represent Brathwaite. Foley represented Brathwaite through trial and on direct appeal.

(11)  In this appeal, Brathwaite claims that the Superior Court violated his right of self-representation when the court refused to consider his request to proceed pro se. [6]

---

[5] See Del. Super. Ct. Crim. R. 47 (2006) (governing motions and pro se applications).

[6] We reject the State's arguments that Brathwaite's motion to proceed *pro se* was equivocal on its face, and that it was "clarified" by his subsequent motion to participate with counsel in the defense. The record establishes that Brathwaite understood the court's referral memorandum to require that he obtain permission to participate with counsel before he could seek permission to proceed *pro se.*

4

(12)   The right to counsel, embodied in the Sixth Amendment to the United States Constitution, has as its corollary the right to proceed *pro se*.[7] In Delaware, the right to proceed *pro se* is specifically guaranteed by Article I, Section 7 of the Delaware Constitution.[8]

(13)   The right to counsel and the right to proceed *pro se* are mutually exclusive.[9] A defendant has no constitutional right to combine the two.[10] In Delaware, contrary to what was suggested by the Superior Court's referral memorandum in this case, a defendant seeking to assert the right to proceed *pro se* should *not* do so by seeking permission to participate with counsel in the defense. A motion to proceed *pro se* is properly "perfected" when filed with the court.

(14)   Before a defendant can exercise the right to proceed *pro se*, a court must determine that the defendant has knowingly and voluntarily

---

[7] *United States v. Peppers*, 302 F.3d 120, 129 (3d Cir. 2002) *cert. denied*, 537 U.S. 1062 (2002).

[8] *Stigars v. State*, 674 A.2d 477, 479 (Del. 1996).

[9] *Hooks v. State*, 416 A.2d 189, 198-99 (Del. 1980).

[10] *See In re Haskins*, 551 A.2d 65, 66 (Del. 1988) (holding that a defendant does not have a right to hybrid representation) (citing *Hooks v. State*, 416 A.2d 189, 197-99 (Del. 1980)).

5

surrendered the concomitant right to counsel.[11]  A defendant may waive the right to self-representation after asserting it.[12]  Waiver may be established by a defendant's failure to reassert the request, if it would not be futile to do so.[13]

(15) Brathwaite contends that he was foreclosed from renewing his motion to proceed *pro se* by Facciolo, who told him in May 1997 that the motion had been denied and that he "should not bring it up again or the judge would get mad."

(16) The trial court discounted Brathwaite's contention for several reasons. First, Foley stated that Brathwaite seemed pleased to have Foley representing him. Second, Brathwaite admitted that he never told Foley that he was interested in proceeding *pro se.* Third, the court asked Brathwaite on at least one occasion whether he was satisfied with Foley's representation and Brathwaite indicated that he was.

(17)  In short, the record reflects that Brathwaite never renewed his request to proceed *pro se* despite having the opportunity to do so – either

---

[11]*Stigars v. State*, 674 A.2d 477, 479 (Del. 1996).

[12]*Buhl v. Cooksey*, 233 F.3d 783, 800 (3d Cir. 2000).

[13]*See Wilson v. Walker*, 204 F.3d 33, 37 (2d Cir. 2000) (holding that defendant's failure to renew request to proceed *pro se* constituted abandonment of the request and waiver of the issue) *cert. denied,* 531 U.S. 892 (2000); *United States v. Johnson*, 223 F.3d 665, 668-69 (7th Cir. 2000) *cert. denied*, 534 U.S. 829 (2001) (finding waiver when court inadvertently neglected to rule on a request to proceed *pro se* and defendant failed to reassert the request).

privately with his new counsel, or in open court when questioned about Foley's representation. Under these circumstances, the only plausible explanation for Brathwaite's conduct is that he waived the right to proceed *pro se* in favor of exercising his constitutional right to counsel. [14]

(20) We next consider Brathwaite's appeal from the denial of his motion for a new trial. The Court reviews the denial of a motion for a new trial for an abuse of discretion. [15]

(21) After careful consideration of the parties' briefs, we find it manifest that the judgment of the Superior Court should be affirmed on the basis of the well-reasoned decision dated March 17, 2003. In that decision, the Superior Court applied the proper legal standard and concluded that Brathwaite failed to satisfy any of the requirements for receiving a new trial on the basis of newly discovered evidence. The Superior Court also correctly applied the settled standard governing ineffective assistance of counsel claims. Although Brathwaite now contends that he was not claiming that his counsel was ineffective, his motion expressly states that, "counsel's performance fell below

---

[14]*See Cain v. Peters*, 972 F.2d 748, 750 (7th Cir. 1992) (stating that "defendants forfeit self-representation by remaining silent at critical junctures before or during trial") *cert. denied*, 507 U.S. 930 (1993).

[15]*Blankenship v. State*, 447 A.2d 428, 433 (Del. 1982).

7

the professional standard in not calling witnesses and putting on the only viable defense available...."[16] Thus, we reject Brathwaite's attempt to delete his ineffective assistance of counsel claims from consideration on appeal.

NOW, THEREFORE, IT IS ORDERED that the judgments of the Superior Court are AFFIRMED.

BY THE COURT:

Carolyn Seyer
Justice

---

[16]Motion for a New Trial, ¶ 4.

8