IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

KEVIN C. BRATHWAITE
    Petitioner

V.                        C.A. NO. 06-472-G.M.S.

THOMAS CARROLL, et al.
    Respondents



## MOTION FOR EVIDENTIARY HEARING

NOW COMES, The Petitioner, Kevin C. Brathwaite, pursuant to 28 U.S.C.A 2243, Requesting that this honorable Court grant an evidentiary hearing in this matter.

To support this motion, this Petitioner offers the following:

1. The State Court held an evidentiary hearing in this matter, but this Petitioner was denied his right to present tangible evidence.

2. The State Supreme Court neglected to rule on crucial issues in the Petitioners appeal, and therefore did not determine the decisive and operative "Facts" upon which a denial of petitioners constitutional claims could legitimately be based.

3. This failure was not due to any fault of this Petitioner, who was denied a complete and impartial hearing in State Court, eventhough Petitioner requested such a hearing and diligently established the factual and legal basis for such a hearing.

4. To the limited extent that the State Court determined the operative "Facts" regarding Petitioners claims, those factual findings were based on unreasonable determinations of the State Court evidence, and are contradicted by clear and convincing contrary evidence that this Petitioner would have submitted, but was denied his right to submitt.

5. Pursuant to 28 U.S.C.A § 2243 The Federal Court must grant an evidentiary hearing if:

(A) Merits factual disputes were not resolved at state hearing.

(B) States factual determination is not fairly supported by the record as a whole.

(C) Fact finding procedure in state court was not adequate to afford a full and fair hearing.

(D) There is substantial allegation to new evidence

(E) Material facts were not adequately developed at state court hearing.

(F) For any reason, it appears that state court trier of facts did not afford applicant a full and fair hearing.

6. Federal Court on Habeas Corpus must hold evidentiary hearing if applicant did not receive a full and fair hearing in state court, either at the time of trial or any collateral hearing or proceeding.

7. Power of inquiry on Federal Habeas Corpus in plenary, and where applicant alleges facts which, if proved would entitle him to relief. Federal Court to which applicant is made has power to receive evidence and try facts anew.

8. Opportunity for redress against detention in violation of fundamental liberties of person safeguarded against state action by Federal Constitution, though such opportunity presupposes opportunity to be heard, to argue and present evidence, must never be totally foreclosed.

9. Statement of state trier of facts do no more than create

doubt as to whether standard of law was applied. Federal Court on Habeas Corpus must hold hearing to determine Costitutional issues.

10. There are procedural errors so grave as to require appropriate Federal order, directing Habeas Corpus applicants release, unless State grants new trial, forthwith.

11. Where new evidence is alleged in Habeas Corpus application, evidence which could have easily been presented to the State trier of facts, Federal Court must grant evidentiary, providing such evidence bears on the Constitutionality of Applicants detention.

12. Where new evidence is alleged in Habeas Corpus Allegation, evidence which could not have been reasonably presented, to the State trier of facts, the Federal Court must grant an evidentiary hearing.

13. All of the aforementioned grounds in this motion, pursuant to, 28 U.S.C.A § 2243, clearly applies to this petitioners request for an evidentiary hearing, and directly pertains to the contents in the grounds for his Petition for Habeas Corpus relief.

Wherefore, this Petitioner prays that this honorable Court will grant his motion for an evidentiary hearing and allow him to present the facts of this case.

Kevin C. Brathwaite
1181 Paddock Rd.
Smyrna DE.
19977

DATED: Feb, 23rd, 2007

## Certificate of Service

I Kevin C. Brathwaite, states that I have caused a copy of the enclosed <u>Motion for evidentiary hearing</u> to be mailed to the following party by way of U.S. Postal Service.

Gregory E. Smith, Esq
Atty Gen office
820 N. French St.
Wilmington De.
19801

*(signature)*

Kevin C. Brathwaite
1181 Paddock Rd.
Smyrna De.
19977

DATE: Feb, 23rd, 07

I/M KEVIN C. BRATHWAITE
SBI# 315294 UNIT ___
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

PETER DALLEO, Clerk
Office of The Clerk
U.S. DISTRICT COURT   Lockbox ~19
844 N. KING ST
Wilmington DE
            19801

U.S.M.S.
X-RAY