IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN C. BRATHWAITE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. Act. No. 06-472-GMS |
| | ) |
| PERRY PHELPS, Warden, and | ) |
| ATTORNEY GENERAL OF | ) |
| THE STATE OF DELAWARE, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM**

## I. INTRODUCTION

In October 2009, the court denied Brathwaite's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 after determining that his claims failed to warrant relief under § 2254(d). (D.I. 32) However, the court issued a certificate of appealability with respect to claim one. Brathwaite appealed, and the Third Circuit Court of Appeals affirmed the denial of Brathwaite's petition on March 22, 2011. (D.I. 40) On June 27, 2011, Brathwaite filed another notice of appeal regarding the denial of his habeas petition, this time appealing the five issues for which the court had not issued a certificate of appealability. (D.I. 42) The Third Circuit Court of Appeals dismissed that appeal for lack of jurisdiction due to untimely filing. (D.I. 45) Presently pending before the court is Brathwaite's "motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(d)." (D.I. 48)

## II. DISCUSSION

Federal Rule of Civil Procedure 60(d)(2) allows a court to grant relief under 28 U.S.C.

§1655 to a "defendant who was not personally notified of the action." Fed. R. Civ. P. 60(d)(2). Section 1655 concerns actions to "enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property." 28 U.S.C. §1655.

In his Rule 60(d)(2) motion, Brathwaite contends that he was denied personal notification that the Third Circuit denied his petition for rehearing with respect to the dismissal of his second notice of appeal. This claim does not involve the types of action referenced in 28 U.S.C. § 1655. Therefore, Rule 60(d)(2) does not afford Brathwaite an avenue of relief.

### III. CONCLUSION

For the aforementioned reasons, the court will dismiss the instant Rule 60(d)(2) motion. In addition, the court will not issue a certificate of appealability, because Brathwaite has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate order will be entered.

Feb 19, 2013
DATE

CHIEF UNITED STATES DISTRICT JUDGE